IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TINA M. PATRICK, | ) | 4:11CV3137 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROY M. TILLMAN, and CASEY | ) | |
| INDUSTRIAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before me on a Motion to Dismiss Counterclaim filed by Defendant/Counterclaimant Casey Industrial, Inc. ("Casey"). (Filing 39.) In this Motion, Casey seeks to voluntarily dismiss without prejudice its negligence counterclaim against Plaintiff/Counterdefendant Tina M. Patrick ("Patrick"). (*Id.*; *see also* Filing 10 at CM/ECF p. 2.)

"Federal Rule of Civil Procedure 41(a) provides for the voluntary dismissal of actions at the plaintiff's request." *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995); *see also* Fed. R. Civ. P. 41(c) (stating that Rule 41 applies to dismissal of counterclaims, crossclaims, and third-party claims). Where, as here, the counterclaimant has served an answer and a counterclaim, the counterdefendant has replied, and the parties have not all signed a stipulation of dismissal, the counterclaimaint may seek an order of voluntary dismissal under Rule 41(a)(2). (*See* Filings 10 and 13.) "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). When determining whether to grant a Rule 41(a)(2) motion, a court should consider four factors:

(1) the defendant's effort and the expense involved in preparing for trial,

> (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action,
>
> (3) insufficient explanation of the need to take a dismissal, and
>
> (4) the fact that a motion for summary judgment has been filed by the defendant.

*Id*. at 783. "Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Id.* at 782.

This matter was initially filed on August 17, 2011. (Filing No. 1.) Since that time, the parties have engaged in discovery, but no motion for summary judgment has been filed. (*See* Docket Sheet.) Because Patrick does not oppose Casey's Motion to Dismiss Counterclaim, her effort and expense in preparing to defend against the counterclaim is unclear. Moreover, Casey did not provide an explanation of its need to take a dismissal. (*See* Filing 39.) In light of this insufficient record, I cannot determine whether dismissal is appropriate in accordance with the *Paulucci* factors.

However, on the court's own motion, I will provide Casey with the opportunity to supplement its Motion to Dismiss Counterclaim with a brief in support by July 13, 2012. If Casey elects to file a brief in support, it should be mindful to explain why voluntary dismissal is appropriate in accordance with the *Paulucci* factors. If Casey chooses not to file a brief in support, I will deny the Motion to Dismiss Counterclaim without prejudice to reassertion.

IT IS ORDERED:

1. Casey may supplement its Motion to Dismiss Counterclaim with a brief in support no later than July 13, 2012.

2. If Casey elects to file a brief in support, it should be mindful to explain why voluntary dismissal is appropriate in accordance with the *Paulucci* factors. If

Casey chooses not to file a brief in support, I will deny the Motion to Dismiss Counterclaim without prejudice to reassertion.

3. If Casey files a brief in support, Patrick shall have until July 20, 2012, to file a response.

DATED this 6th day of July, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.